UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  09-20929-CIV-MORENO**

CRISTO ANDRADE,

       Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,,

       Defendant.

_____/

## ORDER DENYING MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. No. 10)**, filed on **May 8, 2009** and Plaintiff's Motion for Extension of Time to Respond to Motion to Compel Arbitration **(D.E. No. 18)** filed on **June 22, 2009**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for remand is DENIED.  It is also

**ADJUDGED** that the motion for extension of time to respond to the motion to compel arbitration is DENIED.  Plaintiff shall respond to the Motion to Compel Arbitration by no later than **July 29, 2009**.

### I. BACKGROUND

Plaintiff, Cristo Andrade, is an injured seaman, who worked for Royal Caribbean Cruise Lines.  He alleges he suffered injuries during the course of his employment aboard the *Enchantment of the Seas*.  His complaint raises claims under the Jones Act for negligence, unseaworthinness,

failure to provide maintenance, and for lost wages. Plaintiff signed an Employment Agreement with Defendant, which incorporated the terms of a Collective Bargaining Agreement. The Collective Bargaining Agreement contained an arbitration clause pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards. 9 U.S.C. § 202 (the "Convention").

The parties litigated in state court for five months. Defendant removed the case pursuant to the Convention. Plaintiff filed a motion to remand claiming Defendant waived its right to arbitrate because it litigated in state court.

## II. LEGAL ANALYSIS

### 1. Timeliness of Removal

Section 205 of the New York Convention states that "[w]here the subject matter of an action or proceeding in State court relates to an arbitration agreement or award falling under the Convention, the defendant . . .may at any time before trial thereof,  remove such action. . .." 9 U.S.C. § 205.  Defendant removed this case after litigating for five months in state court and before trial was even noticed.

Plaintiff argues the removal is improper because by litigating in state court, Defendant waived its right to arbitrate.  Whether or not Defendant waived its right to arbitrate, however, has no bearing on removal as the language of the Convention is clear-- defendants may remove a case at any time prior to trial. *See Sookram v. Royal Caribbean Cruises, Ltd.*, Case No. 09-20797-CIV-UNGARO (S.D. Fla. May 19, 2009);  *Skordillis v. Celebrity Cruises, Inc.*, 2009 WL 129383, *1 (S.D. Fla. Jan. 16, 2009).   The cases Plaintiff cites address not whether removal was proper but rather whether there was a waiver of the right to arbitration, which is the subject of a separate motion on which the Court is reserving ruling until full briefing.

After reviewing the Notice of Removal, the Court is satisfied that this case relates to an arbitration agreement falling under the Convention.  Indeed, Plaintiff does not dispute that this is such an action.  Having found that the waiver arguments have no effect on the timeliness of this removal, the Court agrees with Defendant that the unambiguous language of the Convention allows removal five months into the state court litigation.

### 2. Removal of Jones Act and Maintenance and Cure Claims

Plaintiff argues that removal of Jones Act claims is improper and therefore, remand is warranted.  In *Skordillis*, 2009 WL 129383 at *1, this Court allowed the Defendant to remove Jones Act claims and later denied a motion to compel arbitration.  *See also Bautista v. Norwegian Cruise Lines*, 396 F.3d 1289 (11th Cir. 2005) (allowing removal of Jones Act claims under the Convention). Under *Skordillis* and *Baustista*, the Court finds it proper to allow removal of Plaintiff's Jones Act claims.  The same holds true for the maintenance and cure claims.  In *Sookram*, the Court found that even though an employer cannot contract away a seaman's right to maintenance and cure, does not mean that such claims "cannot be arbitrated, let alone removed to federal court." *Sookram*, Case No. 09-20797-CIV-UNGARO.

### 3. Compliance with Notice of Court Practice in Removal Cases

Asserting that Defendant has abandoned federal jurisdiction, Plaintiff also points out that Defendant failed to comply with the Court's Notice of Court Practice in Removal Cases.  The Court's Notice requires removing defendants to file records of the proceedings in the state court. This Defendant failed to file two orders, entered after the notice of removal was filed in state court. Because 28 U.S.C. § 1446(d) divests the state court of jurisdiction after removal, the Court does not find Defendant was required to file those two orders.  In addition, the Plaintiff suggests that the

Court's Notice required Defendant to file all the discovery propounded in the state court action. Put simply, Plaintiff is reading the Court's order too broadly.

Accordingly, the Court denies the motion to remand finding that Defendant timely removed the action, the claims are subject to removal, and Defendant sufficiently complied with the requirements of 28 U.S.C. § 1446 and the Notice of Court Practice in Removal Cases.

DONE AND ORDERED in Chambers at Miami, Florida, this /3ʳᵈ day of July, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record